RAYMOND KONG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RespondentKong v. CommissionerDocket No. 33624-87United States Tax CourtT.C. Memo 1990-480; 1990 Tax Ct. Memo LEXIS 525; 60 T.C.M. (CCH) 696; T.C.M. (RIA) 90480; September 6, 1990, Filed Petitioner's motion to dismiss will be granted. Martin N. Gelfand, for the petitioner. Erin Collins, Howard Rosenblatt, and John Kent, for the respondent. FAY, Judge. FAYMEMORANDUM OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) of the Code 1 and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. *526 OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before the Court on petitioner's motion to dismiss for lack of jurisdiction. Petitioner alleges that the notice of deficiency was invalid for reasons set forth in , revg. . At a hearing on the motion on May 30, 1990, a stipulation of facts was submitted by the parties as well as petitioner's brief in support of his motion. Respondent's brief in opposition was filed on June 4, 1990. Although respondent did not move to dismiss this case for lack of jurisdiction on the grounds of an untimely petition, the parties have stipulated that if the notice of deficiency is valid, this case should be dismissed for failure to file a timely petition. (The notice of deficiency was mailed to petitioner's last known address on April 15, 1983, and the petition was filed herein on October 13, 1987.) At the time of the filing of the petition, petitioner resided in Los Angeles, California. Accordingly, this case is subject to appeal to the Ninth Circuit Court of Appeals. All of the facts have been stipulated. The*527 stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner Raymond Kong timely filed his Federal income tax return for the taxable year 1979 with the Internal Revenue Service Center at Fresno, California. Respondent timely mailed a notice of deficiency together with attachments for the taxable year 1979 by certified mail on April 15, 1983, to petitioner's last known address. The notice of deficiency reflects a deficiency of $ 174,428.10 as the result of the disallowance of a partnership loss with respect to Petromatrix Partners Ltd. (Petromatrix) claimed on petitioner's 1979 return in the amount of $ 249,183. The second page of the explanation of adjustments provides as follows: In order to protect the government's interest and since your original income tax return is unavailable at this time, the income tax is being assessed at the maximum rate of 70 percent. The tax assessment will be corrected when we receive the original return, or when you send a copy of the return to us. The increase in tax may also reflect investment credit or new jobs credit which has been disallowed. On March 4, 1983, respondent mailed a Form 872A*528 to petitioner, requesting him to extend the statute of limitations for the taxable year 1979. Petitioner did not respond to said letter. The parties stipulated various documents from respondent's administrative file pertaining to petitioner's 1979 tax year:A. A document entitled "Report Transmittal" (Form 4665), dated April 6, 1983, consisting of one page, is an internal document used for an examiner's notes. That document states that the 872A form, together with a publication explaining the requests for extension, were sent to petitioner. The report transmittal further states that petitioner did not respond. B. A document entitled "Transcript of Account" for petitioner's taxable year 1979 is dated July 13, 1981. That document reflects that petitioner's 1979 return was filed on or before April 15, 1980; the tax on petitioner's return was $ 1,324; the adjusted gross income (loss) was ($ 146,981); the total withholding was $ 1,422; and a refund was issued on June 2, 1980, in the amount of $ 98. C. A copy of petitioner's Schedule K-1 for Petromatrix for the taxable year 1979. The K-1 reflects an ordinary loss in the amount of $ 249,183 for petitioner's investment in Petromatrix. *529 D. A document entitled "Statutory Notice Correspondence and Instruction Sheet", dated April 6, 1983, consisting of two pages. Page one of this form was used by the examining agent for the purpose of forwarding the taxpayer's return information to the person who typed the notice of deficiency in the instant matter. Page two is a procedural checklist setting forth the information examined by the agent prior to the issuance of the statutory notice. Page one lists petitioner's Social Security number, name and address, and the amount of the deficiency of $ 174,428.10 for the taxable year ending December 31, 1979. Page one further requests the preparation of the original and an unstated number of copies of "L-long" (presumably a certain type of notice of deficiency), with additional instructions for an address to refer to in reply. A section of page one entitled "paragraph description" was left blank. Page two, entitled "70 Percent Investor Work Sheet," has check marks for the categories "Current Transcript in File," "Current AMDISA in File," "AmletD in File," and "Copy of K-1 from 2nd Tier Return." (None of the acronyms were defined in this record.) The name of Petromatrix, its*530 employer identification number, and the loss per petitioner's return were also listed on page two. The 1979 partnership return for Petromatrix was filed on April 17, 1980. Petitioner's Form K-1 attached to the partnership return incorrectly listed petitioner's Social Security number as 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. However, prior to the issuance of the notice of deficiency, respondent generated a computer transcript entitled "IMF Taxpayer Name Directory" which reflected petitioner's correct Social Security number (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). Respondent thereby verified that the Form K-1 attached to the partnership return was the K-1 for petitioner in the instant matter. In the taxpayers received a notice of deficiency disallowing deductions from a partnership with which the taxpayers had no connection. The tax was computed using the then highest marginal rate. The notice of deficiency contained the identical language as that quoted above from petitioner's explanation of adjustments. In Scar, the taxpayers, after petitioning this Court, filed a motion to dismiss for lack of jurisdiction alleging that the notice of deficiency was invalid. We held that*531 the notice of deficiency was valid. Section 6212(a) provides: "If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail." (Emphasis added.) On appeal, the Ninth Circuit interpreted section 6212(a) and held that the "determination" requirement of that section "has substantive content." . The Ninth Circuit concluded "that the Commissioner must consider information that relates to a particular taxpayer before it can be said that the Commisisoner has 'determined' a 'deficiency' in respect to that taxpayer." .The Ninth Circuit reversed this Court's ruling and held that the notice of deficiency was invalid because "the Commissioner's purported notice of deficiency revealed on its face that no determination of tax deficiency had been made." . Subsequently, in , the Ninth*532 Circuit had another opportunity to consider Scar. The Ninth Circuit stated: Furthermore, as the Tax Court has since pointed out, Scar did not even require any affirmative showing by the Commissioner that a determination set forth in an alleged notice of deficiency was made on the basis of the taxpayers' return. Only where the notice of deficiency reveals on its face that the Commissioner failed to make a determination is the Commissioner required to prove that he did in fact make a determination. .[.] Thus, the Ninth Circuit has stated the general rule that where the notice of deficiency reveals on its face that the Commissioner failed to make a determination, respondent is entitled to prove that he did in fact make a determination. In this case we are bound to follow the dictates of the Ninth Circuit. See , affd. . The instant notice of deficiency reveals on its face that it was issued without the benefit of petitioner's income tax return. The*533 tax was computed at the then maximum 70-percent rate. Thus, the notice of deficiency falls within Scar. The fact that the amount disallowed was the same as the amount claimed on the return (for the correct partnership) is not relevant for this purpose. See .Therefore, we will consider whether the evidence shows that, notwithstanding the language on page two of the explanation of adjustments in the notice of deficiency, respondent made the requisite determination. Included in petitioner's administrative file was a transcript of account dated July 13, 1981. Respondent argues that "it is undisputed that respondent examined and utilized this transcript prior to the issuance of the notice of deficiency." That sentence is not stipulated by the parties, and it is clear to the Court that respondent did not examine and utilize this transcript, even though it was in the file. The transcript showed a negative adjusted gross income included therein of $ 146,981. In disallowing a loss presumed to have been claimed on the return in the amount of $ 249,183, it would be unreasonable to utilize a maximum rate of 70 percent, if*534 respondent was aware of the adjusted gross income on petitioner's return. Had respondent utilized the limited information available from the transcript of account, his computation should have at least approximated the following: Adjusted gross income (loss) per return ($ 146,981)Adjustment for disalllowed loss+249,183 Adjusted gross income revised102,202 Less: personal exemption$ 1,000standard deduction2,300-3,300 Taxable income, per examination$  98,902 Deficiency in tax computed thereon 2$  50,814 The notice of deficiency herein determined a deficiency of $ 174,428.10. It is obvious that respondent simply arrived at this figure by multiplying the disallowed deduction by 70 percent, the maximum marginal tax rate possible for 1979. In so*535 doing, respondent completely ignored the other information available concerning petitioner, as well as applicable law. Respondent argues that respondent need not physically handle a taxpayer's return in order to make a determination, but is entitled to rely upon taxpayer return information such as found in respondent's various data bases as well as relevant third-party information, including Form K-1. We note that the Ninth Circuit has stated in : the Commissioner could not determine a deficiency for the Scars without examining their return for 1978 to see whether they had claimed a deduction for such an investment. Similarly, in this case respondent presumed that petitioner had taken a deduction with regard to Petromatrix and, in absence of a valid waiver of the statute of limitations, assumed the maximum tax rate, which procedure the Ninth Circuit has found to be contrary to section 6212. Respondent did not use the return information to determine the deficiency. It is true that the contents of the administrative file reflect that respondent verified petitioner's Social Security number based upon the*536 conflict between the transcript of account and petitioner's Form K-1. Respondent also requested petitioner to extend the statute of limitations. Respondent used that information to identify this petitioner (correct Social Security number) and to decide to issue a notice of deficiency (no extension of the statute of limitations). He ignored the relevant tax and income data in the transcript of account. Indeed, all respondent determined was that he did not have sufficient information to avoid sending a notice of deficiency based upon disallowance of a presumed loss claimed, utilizing the maximum tax bracket. This is exactly what happened in Scar, except that, in addition, in Scar, the wrong partnership was identified, allegedly inadvertently. The opinion in Scar reveals that respondent had intended to issue a notice of deficiency to the Scars with regard to the "correct" partnership, based upon the same presumptions. Had he done so, we believe the Ninth Circuit's ruling would have been the same. Under these circumstances, following the dictates of the Ninth Circuit, we are constrained to hold that respondent did not make the necessary determination. Accordingly, *537 the notice of deficiency is invalid under Petitioner's motion to dismiss will be granted. Footnotes1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court's Rules of Practice and Procedure.↩2. On taxable income of $ 98,902 in 1979, the income tax is computed as $ 46,190 plus 69 per cent of the taxable income in excess of $ 92,200; $ 46,190 plus (.69 X $ 6,702) = $ 50,814.↩